United States District Court
Southern District of Texas

**ENTERED**

April 01, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD E. KELLEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-22-2168 |
| | § | |
| RINGO LANZETTI, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' "Motion to Dismiss Plaintiff's Amended Complaint for Lack of Jurisdiction and Failure to State a Claim Pursuant to FRCP 12(B) [*sic*]" (Docket Entry No. 47), to which Plaintiff filed his "Objections and Response" (Docket Entry No. 49).

Having considered the motion, the response, and the applicable law, the Court **DENIES** the motion to dismiss for the reasons shown below.

**I.  BACKGROUND AND CLAIMS**

Plaintiff Lloyd E. Kelley, a Texas attorney proceeding *pro se*, filed an amended civil complaint against Defendants Ringo Lanzetti, Richard Metler, Riley Uglum, Dale Pilgeram, Stephen Zupanc, and Edward A. Mead.  (Docket Entry No. 45.)  He alleges that Defendants

violated the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521 ("ECPA"), and the Texas Wiretap Act ("TWA"), TEX. CIV. PRAC. & REM. CODE § 123.002, *et seq.*[1]

Plaintiff alleges in his amended complaint that an individual named Chris Wyatt unlawfully recorded a telephone conversation between Plaintiff and Plaintiff's client, Ali Choudhri. Plaintiff claims that Defendants conspired with their non-party attorneys to obtain a copy of the recording, and that the attorneys then filed the recording and transcripts of the record in federal lawsuits. He asserts that the non-party attorneys did not file the recording under seal or obtain a court ruling to file the recording. Plaintiff contends that disclosures of the unlawful recording and transcripts to the general public through the lawsuits violated the ECPA/TWA and caused him harm. He seeks statutory damages and a permanent injunction precluding Defendants' further use of the recording and transcript.

Defendants filed the pending motion to dismiss, arguing that Plaintiff's lawsuit should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).

Although Plaintiff filed a merits response opposing the motion, he states that he requires discovery in order to refute Defendants' allegations, particularly as to a motion for summary judgment. It appears Plaintiff is arguing that the Defendants will be moving for summary judgment and that, when they do, he will need additional time for discovery. (Docket Entry No. 49, pp. 12–13.) The Court is not persuaded by this argument.

---

[1]On September 24, 2025, the Court dismissed for lack of jurisdiction Plaintiff's state law claims for tortious interference, defamation, and civil conspiracy. The Court has disregarded Defendants' arguments in the pending motion for dismissal of those claims.

The docket in this case shows that on June 2, 2025, the Court ordered the parties to comply with Rule 26(f) and to file a Joint Discovery/Case Management Plan and Agreed Scheduling/Docket Control Order by August 4, 2025. (Docket Entry No. 44.) In their "Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure" filed on August 1, 2025, the parties informed the Court that their planned discovery could be reasonably completed by March 1, 2026. (Docket Entry No. 46, ¶ 15.) The parties further filed an Agreed Scheduling/Docket Control Order on August 1, 2025, that included a discovery deadline of April 8, 2026. (Docket Entry No. 46-1.) To-date, no discovery issues have been brought to the Court's attention.

Plaintiff contends, without citing any supporting authority, that he cannot undertake discovery because Defendants have yet to file an answer. (Docket Entry No. 49, ¶ 45.) Discovery in federal court is not tied to the filing of an answer and may be undertaken once the parties have conferred as required by Rule 26(f). FED. R. CIV. P. 26(d). Plaintiff shows no good cause for not having undertaken discovery at this late date, and his request for additional "anticipatory" time for discovery is denied.

## II.  LEGAL STANDARDS

### A.  ECPA

The elements of a cause of action under the ECPA are straightforward. The ECPA generally prohibits the intentional interception, use, or disclosure of telephone communications without at least one communicating party's consent. 18 U.S.C. § 2511. The

ECPA also prohibits the intentional use of or disclosure to any other person "the contents of any wire, oral, or electronic communication, knowing or having reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of this subsection." 18 U.S.C. § 2511(1)(c), (d). The ECPA authorizes the recovery of statutory damages by "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter." 18 U.S.C. § 2520(a).

B.    TWA

Like the ECPA, the Texas Wiretap Act, TEX. CIV. PRAC. & REM. CODE § 123.002 *et seq.*, prohibits the intentional interception of a wire, oral, or electronic communication, as well as the intentional disclosure to another person of the contentions of a wire, oral, or electronic communication if the person has reason to know the information was obtained in violation of the statute. *See* TEX. PENAL CODE ANN. § 16.02(b)(1), (3). Texas provides a private cause of action for any "person whose wire, oral, or electronic communication is intercepted, disclosed, or used in violation of" certain statutes including Chapter 16 of the Penal Code. *See* TEX. CODE CRIM. PROC. ANN. art. 18A.502(1).

C.    Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state

4

a claim to relief that is plausible on its face." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556; *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010).

When considering a Rule 12(b)(6) motion, a court generally "may not go outside the pleadings," *Colle v. Brazos County*, 981 F.2d 237, 243 (5th Cir. 1993), and should focus exclusively on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). However, the court may consider documents outside of the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *See Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 F. App'x 336, 340–41 (5th Cir. 2011). The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

A plaintiff is not required to prove its case or disprove a defendant's defense at the pleading stage, and the ultimate resolution of factual and legal disputes between the parties is beyond the pleading sufficiency review of Rule 12(b)(6). *See Twombly*, 550 U.S. at 556. As is discussed below, the parties here have gone well beyond these established parameters

by addressing at length the merits and evidence surrounding their claims, and dismissal under Rule 12(b)(6) is inappropriate.

### III.  ANALYSIS

The Court has carefully reviewed Defendants' motion and expresses puzzlement if not concern over certain allegations and arguments appearing in the motion.  Of particular concern are arguments made by Defendants on behalf of entities or individuals who are not before the Court and their references to motions filed by individuals who are not parties to this lawsuit.  Certain inappropriate pleadings and allegations are discussed below under the applicable sections.

A.    Rule 12(b)(1)

Under Rule 12(b)(1), a party may move to dismiss a lawsuit for lack of subject matter jurisdiction.  In their motion to dismiss under Rule 12(b)(1), Defendants present a confusing argument that "*Steadfast* need only *prove by a preponderance of the evidence that the court has jurisdiction* based on the complaint and evidence," and that "As demonstrated by Plaintiff's live pleadings and *this Response, Steadfast established subject matter jurisdiction and Defendant Choudhri's Motion* should be denied." (Docket Entry No. 47, pp. 12, 13, emphasis added.)  Neither Steadfast nor Choudhri are parties to this lawsuit, there is no motion filed by Choudhri pending before the Court, and Defendants' instant pleading is a motion, not a response.  Equally confusing is Defendants' statement that "Plaintiff Demonstrated Subject Matter Jurisdiction in this Court," followed by their inconsistent

statement that "This Court lacks subject matter jurisdiction. . . ." (Docket Entry No. 47, p. 15.)[2]  No grounds for dismissal of this lawsuit under Rule 12(b)(1) are shown, and Defendants' motion to dismiss under Rule 12(b)(1) is **DENIED**.

B.    Rule 12(b)(5)

Rule 12(b)(5) permits a challenge to the method of service attempted by a plaintiff or to the lack of service. *See* FED. R. CIV. P. 12(b)(5). "A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).

Defendants mention Rule 12(b)(5) in the opening sentence of their motion, but no further reference to the rule is made. In the final paragraph of their motion, Defendants claim that Plaintiff did not timely serve them under Rule 4(m).  (Docket Entry No. 47, ¶ 66.) However, the docket shows that Defendants filed an earlier motion for summary judgment in this case and made a general appearance for purposes of Rule 4(m).  To any extent Defendants intended their bare assertion of untimely service to suffice as a motion for dismissal under Rule 12(b)(5), the motion is **DENIED**.

C.    Rule 12(b)(6)

Defendants move for dismissal of Plaintiff's ECPA/TWA claims under an argument that the claims are unsupported in law or fact.  A careful review of Defendants' motion

---

[2]Defendants also discuss at length Rule 12(e) as to motions for a more definite statement. (Docket Entry No. 47, pp. 13–14.) Defendants' motion to dismiss does not move for relief under Rule 12(e).

shows that Defendants are actually disputing the factual veracity of Plaintiff's allegations. This is not a proper consideration for the Court under Rule 12(b)(6). Rule 12(b)(6) addresses whether a plaintiff has failed to state a claim, not whether he has failed to *prove* his claim.

For instance, Defendants attach an affidavit of Christopher Ramey that, by its own terms, was prepared for and filed in a different lawsuit involving different defendants. (Docket Entry No. 47, Ex. 2.) Ramey states in the affidavit that after reviewing clear, convincing, and credible evidence he determined that the recordings *in the other case* did not violate the ECPA/TWA and that he "had no reason to believe that the audio recordings at issue in [that] case were illegally intercepted, or that their use might violate the Federal or Texas Wiretap Acts." *Id.* Aside from its failure to discuss the alleged clear, convincing, and credible evidence supporting his determination, Ramey's testimony does nothing more than dispute the veracity of Plaintiff's factual allegations in that lawsuit. Consequently, the exhibit is excluded from the Court's consideration of the Rule 12(b)(6) motion.

That the Defendants disagree with the facts underlying Plaintiff's claims in the instant lawsuit does not provide a basis for dismissal of those claims under Rule 12(b)(6). At one point, Defendants attempt to blur this line by arguing in the pending motion that, "Kelley, who has the burden of proof, cannot show a genuine issue of material fact regarding lack of consent." (Docket Entry No. 47, ¶ 50.) That Plaintiff can, or cannot, raise a genuine issue of material fact in this lawsuit is an inappropriate argument under Rule 12(b)(6) that should not have been raised.

8

Defendants further argue that, "The Court should grant dismissal on the Federal and Texas Wiretap Act claim because there is an absence of evidence that *Sorrels* knew or had reason to know that the recording of the phone communications violated the Wiretap Act," and that "*Sorrels* had no duty to investigate any further." (Docket Entry No. 47, pp. 20, 23, emphasis added.) Plaintiff brings no ECPA/TWA claims against Sorrels in this lawsuit, and Defendants' allegations as to what Sorrels may have done or what duties he had or did not have are of no moment to their Rule 12(b)(6) motion.

As a final consideration, the Court notes that the parties rely on numerous exhibits and pleadings filed in earlier motions and in other lawsuits. The Court has reviewed the materials – to the extent they have been sufficiently identified – and finds they greatly exceed the limitations of a Rule 12(b)(6) motion. For example, Defendants rely on Wyatt's testimony that he was a party to the telephone conversations and was instructed by Choudhri to record them, while Plaintiff relies on Choudhri's testimony that he did not authorize Wyatt to make the recordings and that Wyatt was not a party to the conversations. Defendants then counter that "the context" of the parties' dealings and "whistleblower declarations" negate illegality, while Plaintiff responds that certain witnesses never should have been believed and that "false" testimony has been "recanted." Conflicting evidence and credibility disputes such as these have no place in a Rule 12(b)(6) proceeding; indeed, such arguments are for a fact finder's resolution at trial. The exhibits and pleadings referenced by the parties are excluded

from consideration by the Court for purposes of Defendants' Rule 12(b)(6) motion and Plaintiff's response.  Defendants' motion to dismiss under Ruler 12(b)(6) is **DENIED**.

D.     Rule 12(d)

Under Ruler 12(d),

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

FED. R. CIV. P. 12(d).  Thus, if the court considers materials outside the pleadings which are not central to the claim or subject to judicial notice, then the motion to dismiss must be converted into a motion for summary judgment.  *See Kennedy v. Chase Manhattan Bank USA*, 369 F.3d 833, 839 (5th Cir. 2004).

In denying the instant Rule 12(b)(6) motion, the Court has not considered materials outside the pleadings which are not central to the claim or subject to judicial notice.  To the contrary, the Court has expressly declined to consider such materials and has, for purposes of this motion, excluded them.  Therefore, the Court will not treat the current motion to dismiss as a motion for summary judgment.

E.     Dispositive Motion

The Court advises the parties that exhibits or pleadings relied upon in any forthcoming motion for summary judgment, response, or reply must be submitted with copies of the exhibits or pleadings.  The Court will not accept textual or footnote references to other

pleadings or exhibits in lieu of attaching the referenced pleadings or exhibits. The motion, response, or reply must be self-contained so that all relevant materials (except case authorities) are before the Court in a single pleading.

The Court further advises the parties that reference to an exhibit or pleading must include cites to the precise pages or paragraphs of the pleading or exhibit upon which the party relies. The parties may not, as they have largely done here, incorporate by reference voluminous pleadings and exhibits then leave it for the Court to glean any relevancy.

## IV. CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendants' motion to dismiss (Docket Entry No. 47) is **DENIED**.

2. The Agreed Scheduling/Docket Control Order (Docket Entry No. 46-1) is **ENTERED** of record and is **ORDERED** filed as a separate docket entry. The Court will enter a trial date by separate order.

3. Pursuant to the Agreed Scheduling/Docket Control Order, discovery shall be completed by April 8, 2026, and dispositive and non-dispositive motions shall be filed by May 4, 2026.

Signed at Houston, Texas, on this the 25ᵗʰ day of March, 2026.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

11