**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LLOYD KELLEY,**<br>***Plaintiff,***<br><br>**v.**<br><br>**RINGO LANZETTI, RICHARD METLER, RILEY UGLUM, DALE PILGERAM, STEOHEN ZUPANC, and EDWIN A. MEAD**<br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:22-cv-2168** |

**<u>DEFENDANTS' MOTION TO EXTEND DISCOVERY</u>**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Defendants, Ringo Lanzetti ("Lanzetti"), Richard Metler ("Metler"), Riley Uglum ("Uglum"), Dale Pilgeram ("Pilgeram"), Stephen Zupanc ("Zupanc") and Edwin A. Mead ("Mead") (collectively, "Defendants" and/or "Steadfast Lenders") and file this Motion to Extend Discovery, pursuant to FRCP 29(b), and respectfully show the Court as follows:

## I. SUMMARY OF MOTION

1. Defendant respectfully moves to extend the current discovery deadline, which is set for one week after the Court's April 1, 2026 Order [Dkt. No. 51] on Defendants' August 4, 2025 Motion to Dismiss [Dkt. No. 47] ("August 4 Motion"). On August 1, 2025, the parties submitted their original Rule 26(f) discovery plan, setting a discovery plan of April 8, 2026. However, because the proposed plan was not effectuated, the parties were unable to conduct discovery pursuant to Fed. R. Civ. P. 26(d). As a result, and due to the delays arising from the August 4th Motion, the original discovery deadline is no longer feasible.

2. Defendants therefore request that the Court extend the discovery deadline by ninety (90) days from the date of the Court's Order on this Motion and correspondingly adjust related pretrial deadlines. *See generally* Fed. R. Civ. P. 26(d), (f).

## II. RELEVANT BACKGROUND FACTS

3. On August 1, 2025, the parties filed their joint discovery plan pursuant to Federal Rule of Civil Procedure 26(f), including a discovery deadline of April 8, 2026 [Dkt. No. 46-1].

4. On August 4, 2025, Defendants filed their Rule 12(b) motion to dismiss for lack of jurisdiction and failure to state a claim [Dkt. No. 47].

5. On April 1, 2026, the Court issued its ruling while maintaining the original April 8, 2026 discovery deadline [Dkt. No. 51]. This left insufficient time for the parties to conduct meaningful discovery. *See* Fed. R. Civ. P. 26(a).

## III. ARGUMENTS & AUTHORITIES

6. A scheduling order may be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The Southern District of Texas consistently applies this good cause standard to any request to modify discovery deadlines. *See Ebel v Eli Lilly & Co.*, 248 F.R.D. 208, 208-09 (S.D. Tex. 2007). To establish whether good cause exists for a discovery deadline extension, a four-factor balancing test is applied: 1) the explanation for the failure to adhere to the deadline at issue 2) the importance of the proposed modification to the scheduling order; 3) the potential prejudice to the opposing party; and 4) the availability of a continuance to cure such prejudice [the integrity of the scheduling order and the need to deter dilatory conduct]. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492-93 (S.D. Tex. 2009).

7. Application of these four factors to the present circumstances illustrates that good cause exists to grant the request for an extension to the discovery deadline.

**A. Defendants Exercised Diligence for a Mutually Practical Litigation Strategy**

8. The good cause standard heavily relies on the party seeking relief to be unable to meet the current deadline despite due diligence on their behalf. *Hernandez*, 617 F. Supp. 2d at 496. The absence of completed discovery to date is not the result of neglect or dilatory conduct by Defendants. Rather, it is the result of sensible, mutual understanding between the parties to conserve resources while a fully dispositive motion was pending.

9. The decision to defer discovery was a practical necessity. Defendants did not file a formal motion to stay discovery, thereby seeking to avoid unnecessarily burdening the Court's docket with ancillary motion practice, because it reasonably anticipated that the Court's ruling on the August 4, 2025 Motion to Dismiss would either dispose of the case or provide sufficient clarity to proceed efficiently [Dkt. No. 47]. Courts recognize the underlying policy that proceeding with broad discovery while threshold issues are pending is often "oppressive, unduly burdensome, or expensive." *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008). Defendants' August 4, 2025 Rule 12(b) Motion to Dismiss for lack of jurisdiction and failures to state a claim potential eliminated the case entirely [Dkt. No. 47]. Plunging into resource-intensive discovery, such as drafting interrogatories, executing document productions, and deposing witnesses, before knowing the Court would dismiss certain or all claims risked unduly burdensome and expensive party resources along with unnecessary discovery disputes.

10. The diligence inquiry must also account for the mutual conduct of both parties. *S&W Enters. v. Southtrust Bank of Ala.*, 315 F.3d 533, 536 (5th Cir. 2003) (mandating that courts evaluate the moving party's explanation for the delay in tandem with the potential prejudice to the opposing party). Notably, Plaintiff similarly recognized the inefficiency of proceeding, as neither

side sought discovery while awaiting the Court's ruling(s). This mutual forbearance demonstrates a shared, practical consensus that discovery was premature until the pleadings were settled.

11. Finally, the need for an extension is now driven by a logistical bottleneck entirely outside the parties' control. Following the Court's April 1, 2026 Order [Dkt. No. 51], a mere seven (7) days remained before the April 8, 2026 discovery cutoff. It is procedurally impossible to initiate and complete the entire discovery process, including the mandatory thirty (30) day response period for written discovery and reasonable notice for depositions, in a seven-day window. *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A) (mandating a 30-day response period for written discovery); *see also* Fed. R. Civ. P. 30(b)(1) (requiring "reasonable written notice" to depose a witness).

12. Defendants have been diligent by responsibly managing resources and avoiding wasteful litigation tactics. Because the parties were ultimately constrained by the timing of the dispositive ruling, this primary factor weighs heavily in favor of granting an extension.

**B. The Proposed Modification Does Not Disrupt the Court's Docket**

13. When evaluating whether to modify a scheduling order, the Fifth Circuit directs courts to consider "the importance of the proposed modification" and how critical the modification is to a party's ability to present its claims or defenses substantively. *S&W Enters.*, 315 F.3d at 536. The inclusion of the modification's importance operates as a discrete and meaningful merits-based consideration into the good-cause analysis.

14. The importance of modifying the discovery deadline is paramount, because it would effectively foreclose Defendants' opportunity to present their core defenses. Specifically, without this extension, Defendants will be deprived of the deposition of Plaintiff's deposition testimony and targeted written discovery regarding Plaintiff's alleged damages and the exact timeline of when Plaintiff discovered the recordings. This missing discovery goes to the absolute

core of the surviving claims. Forcing the parties to proceed to the summary judgment phase without this specific evidence will not save time; rather, it will render it impossible for the Court to accurately evaluate whether a genuine dispute of material fact exists regarding the requisite "intentional" use of the recordings under the ECPA and Texas Wiretap Act, and whether Plaintiff can establish legally cognizable harm stemming from the state court filings.

15. Furthermore, courts practically weigh the importance of the extension against the potential "disruption to the court's docket." *Hernandez*, 617 F. Supp. 2d at 493. While granting this extension may necessitate a brief continuance of the trial setting, doing so prevents a far greater disruption to the judicial process. A controlled, brief extension of the scheduling order to secure the exact evidence necessary for summary judgment, along with a corresponding extension of the dispositive motion deadline to accommodate that briefing, is a far more efficient use of judicial resources than forcing the parties to litigate and the Court to adjudicate on an artificially truncated record. Therefore, this factor strongly favors modifying the scheduling order.

**C. Discovery Extension Provides Adequate Time to Conduct Discovery**

16. The third factor in the Rule 16(b)(4) analysis considers whether granting the requested modification would unfairly prejudice the non-moving party. *S&W Enters.*, 315 F.3d at 536. In this context, prejudice arises when an extension would subject a party to unfair surprise, force them to duplicate exhaustive discovery efforts, or ambush them with new theories on the eve of trial. *See, e.g., Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470–71 (5th Cir. 2009) (identifying prejudice where a late scheduling modification would introduce new issues "on the eve of trial"); *see also Fahim v. Marriott Hotel Servs.,* 551 F.3d 344, 348 (5th Cir. 2008) (recognizing prejudice when an untimely modification subjects a party to unfair surprise and requires defending against new theories late in the litigation). None of those concerns are present.

17. To the contrary, Plaintiff will suffer no legal, tactical, or evidentiary prejudice from an extension of the discovery deadlines. Because both parties reasonably withheld engaging in the most resource-intensive phases of discovery while the Motion to Dismiss was pending, the evidentiary landscape remains largely undeveloped.

18. Denying the extension would result in mutual prejudice, as it would force both parties into a procedurally impossible seven-day scramble, inevitably resulting in an incomplete evidentiary record. Granting the extension maintains a level playing field, ensuring that both sides have a fair and adequate opportunity to prepare their respective cases. Courts routinely find that a lack of unfair prejudice heavily supports modifying the scheduling order. *See, e.g., Garza v. Webb Cty., Tex.*, 296 F.R.D. 511, 515 (S.D. Tex. 2014) (finding good cause and granting a discovery extension where the additional time would allow adequate preparation without unfairly prejudicing the non-movant). Therefore, this factor weighs in favor of the requested extension.

**D. A Continuance is Available to Cure Any Prejudice and Deter Dilatory Conduct**

19. The final factor in the Rule 16(b)(4) analysis considers "the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536. As established above, neither party faces unfair tactical or evidentiary prejudice from a brief extension. However, to the extent the Court perceives any logistical prejudice resulting from the truncated timeline following the recent ruling, a brief continuance of the discovery schedule serves as the perfect, available cure. Extending the deadlines directly neutralizes the harm of the seven-day bottleneck, ensuring both sides have adequate time to develop the record on the surviving claims.

20. Ultimately, evaluating the availability of a continuance bridges into the broader policy goals of Rule 16: preserving the integrity of the scheduling order and the need to deter dilatory conduct. *Hernandez*, 617 F. Supp. 2d at 493. Modifying the scheduling order under these

specific, externally driven circumstances does not threaten its integrity; rather, it reinforces that scheduling orders exist to facilitate the orderly administration of justice, not to force wasteful expenditures. Granting relief will not encourage future dilatory conduct, because the delay was born of a unique, externally driven timeline.

21. While Defendants elected not to burden the Court with a preemptive motion to stay discovery, that decision was an exercise in judicial economy in which Defendants reasonably anticipated that the timing of the Court's ruling would naturally dictate the scope of discovery, rather than gamesmanship. Defendants are not seeking to stall the proceedings, harass the opposing party, or gain an unfair tactical advantage. *See Garza*, 296 F.R.D. at 514–15 (finding good cause to modify a scheduling order where the delay resulted from practical obstacles rather than bad faith or dilatory motive); *Cf. Fahim*, 551 F.3d at 348 (affirming the denial of a scheduling modification where the moving party's delay appeared to be a calculated tactical decision). The need for an extension is solely the result of the Court's Order resolving the Motion to Dismiss just seven days before the close of the discovery schedule—a timeline that made the completion of said discovery procedurally impossible. Granting a continuance to cure this impossibility fully aligns with the purpose of Rule 16(b)(4).

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, Ringo Lanzetti, Richard Metler, Riley Uglum, Dale Pilgeram, Stephen Zupanc and Edwin A. Mead respectfully request that the Court:

a. Extend the discovery deadline by ninety (90) days from the date of the Court's order on this Motion;

b. Extend the dispositive motion deadline to 120 days from the date of the Court's order on this Motion;

c. Adjust all related pretrial deadlines that are tethered to, or dependent upon, the discovery deadline by corresponding intervals; and

d. Grant such other and further relief at law or in equity to which they may be justly entitled.

Respectfully submitted,

**McCathern Houston**

By: */s/ Rodney L. Drinnon*
**Rodney L. Drinnon**
Texas Bar No. 24047841
Southern District No. 6059446
rdrinnon@mccathernlaw.com
**David L. Clark**
Texas Bar No. 24036367
Southern District No. 613938
dclark@mccathernlaw.com
**Danielle Chester**
Texas Bar No. 24101615
Southern District No. 3015382
dchester@mccathernlaw.com
Houfilings@mccathernlaw.com
2000 West Loop South, Suite 1850
Houston, TX 77027
Tel. (832) 533-8689
Fax (832) 213-4842

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERENCE**

Pursuant to Paragraph 5 of this Court's Procedures, I attempted to confer with Plaintiff's counsel, Lloyd Kelley, on April 6, 2026 via email to discuss the proposed extension of discovery. No response has been received as of the date and time of this filing.

/s/*Rodney L. Drinnon*
Rodney L. Drinnon

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2026, a true, correct, and complete copy of the above and foregoing instrument, was served in accordance with the Federal Rules of Civil Procedure, on all counsel of record.

/s/*Rodney L. Drinnon*
Rodney L. Drinnon