UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LLOYD KELLEY, | § | |
| Plaintiff, | § | |
| | § | |
| v | § | |
| RINGO LANZETTI, RICHARD | § | Civil Action No. 4:22-cv-02168 |
| METLER, RILEY UGLUM, DALE | § | |
| PILGERAM, STEOHEN ZUPANC, & | § | |
| EDWIN A. MEAD | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO EXTEND ALL DISCOVERY D.E. 52**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COME NOW Plaintiff in Response to Docket Entry 52, Defendants' Motion to Extend Discovery filed by Ringo Lanzetti ("Lanzetti"), Richard Metler ("Metler"), Riley Uglum ("Uglum"), Dale Pilgeram ("Pilgeram"), Stephen Zupanc ("Zupanc") and Edwin A. Mead ("Mead") (collectively, "Defendants") and respectfully show the Court as follows:

I. Summary of Opposition

Upon information and belief Defendants' counsel filed this Motion on behalf of Dale Pilgeram ("Pilgeram") who is dead and was dead before Defendants' Counsel ever filed his answer or any other pleadings in this case. As such, this motion was filed without the authority of all Defendants and was filed in violation of the ethical rules and the Rules of Federal Procedure and constitutes an ongoing fraud on the Court. To the extent Mr. Pilgeram is dead and Defendants' counsel never had any authority to represent him in the first place and filed an answer and motions

on his behalf for over a year, such conduct has delayed resolution of this case. Defendants' motion to extend discovery and delay all deadlines in this cae is unwarranted and is cause for an immediate inquiry by the Court or the granting of Plaintiff permission to depose Defendants' counsel.

## II. Argument and Authority

Upon information and belief, Dale Pilgeram ("Pilgeram") before Defendants' counsel filed an answer on his behalf and then filed subsequent motions and leadings on his behalf after Pilgeram had died. On the record before this Court last year, Plaintiff offered a simple resolution of this case; for Defendants' not to use any attorney-client purported tapes and not to disparage Plaintiff going forward. Plaintiff put that offer in writing and asked several times for a response from Defendants' counsel. Defendants' counsel never replied it was either accepted or rejected by all Defendants. Instead, Defendants' counsel delayed and never gave an answer. Plaintiff also indicated that Defendant Dale Pilgeram may be deceased. Plaintiff made this possibility known to Defendants' counsel last year and they refused to confirm or deny.

If this fact is true, that Dale Pilgram is dead, then Plaintiff opposes Defendants' Motion to Extend all Discovery because Defendants did not establish the elements required for such a request. Over a year ago, Plaintiff offered Defendants a simple resolution of this case: agree not to use any attorney-client tapes between Plaintiff as a lawyer and his former client Ali Choudhri and agree not to disparage Plaintiff in the future. This offer was never responded to by Defendants' counsel despite Plaintiff asking for an answer. Defendants' counsel then did nothing. That offer to resolve the issues of this case has been repeated and remains an offer to Defendants. The only response was after the Court denied Defendants' Motions to Dismiss counsel asked if the offer remained open to which Plaintiff replied in the affirmative. Upon information and belief, the reason Defendants' counsel refused to actually say Plaintiff's offer was accepted or rejected (or provide any other response) is because Defendants' counsel may once again be representing a dead person without authorization; Defendant Dale Pilgeram ("Pilgeram").

Despite this issue raised in briefing in a companion case, Defendants' counsel has ignored the issue entirely and has not filed with this Court a suggestion of death. Once a client dies, the attorney is no longer authorized to file motions, respond to discovery, or otherwise act in litigation, unless and until they are retained by the decedent's successor, such as an estate representative or successor in interest. Any further action without such authority is not only unauthorized but may also mislead the court and opposing counsel as to a material fact. Namely, that the client is still alive, and the attorney continues to act with authority.

All attorneys in Texas are required to obtain authority directly from any potential client before they file an answer or other pleadings in a case. All attorneys in Texas are required to communicate all settlement or resolution offers to a client for the client to make a decision. The basis of Plaintiff's ethical concerns is articulated in ABA Formal Opinion 95-397, which explains that the failure to disclose a client's death is tantamount to making a false statement of material fact under ABA Model Rule 4.1(a). That rule prohibits lawyers from knowingly making false statements or failing to disclose material facts when disclosure is necessary to avoid assisting in a fraudulent act. The implication is clear that continuing litigation without disclosing the death crosses the line from silence into misrepresentation.

Courts have reinforced this principle by holding that lawyers have an affirmative duty to inform both the court and opposing counsel of their client's death. In *Virzi v. Grand Trunk Warehouse & Cold Storage Co.*, 571 F.Supp. 507(E.D. Mich. 1983), the court vacated a settlement agreement after learning that plaintiff's counsel had knowingly failed to disclose his client's death prior to settlement. The court underscored that counsel's silence impaired the fairness of the proceedings and violated his duty of candor.

Ethical violations for this kind of concealment are not merely academic. Disciplinary actions have been imposed on attorneys who continued litigation without disclosing their client's death. The *In re Rosen* decision, resulted in the court finding the attorney's failure to disclose the death of his client to the court for several months warranted sanctions for his deceptive conduct. 198 P.3d 116 (Colo. 2008). Likewise, in *Kentucky Bar Ass'n v. Geisler*, 938 S.W.2d 578 (Ky. 1997), the Kentucky Supreme Court issued a public reprimand and suspension for an attorney who actively prosecuted a lawsuit for two years after the death of his client.

In this case, the conduct may be even more egregious. Upon information and belief Defendants' counsel filed an answer and began representing Dale Pilgeram ("Pilgeram") after Pilgeram had died. Plaintiff made this possibility known to Defendants' counsel last year and he has refused to confirm or deny. It is for this reason Plaintiff suspects that Defendants' counsel never responded to Plaintiff's generous offer to resolve the case and upon information and belief why Defendants' counsel is again seeking to delay the case. This is a very serious issue and either it can be handled with limited discovery or the Court can order a response to this issue from Defendants' counsel.

Plaintiff believes the only discovery that the Court should permit is as to whether Dale Pilgeram ("Pilgeram") is alive and if not when he died. That fact is essential to establish that Defendants' counsel violate the Texas ethical rules regarding filing Court pleadings for someone they never had any authority to represent. This is the same group of lawyers that prosecuted a case for several years for a supposedly fictious company called "STEADFAST 829 HOLDINGS, INC." that this Court is very familiar with in a related case. See April 12, 2023 MEMORANDUM OPINION AND ORDER, H-22-0905, 2024 WL 1605336. In another case, Defendants' counsel was disqualified for representing a company after the sole member of an LLC had died. See attached order as Exhibit A.

Defendants assert that "granting this extension may necessitate a brief continuance of the trial setting." For this reason alone Plaintiff opposes the request as there is no reason for the Court to grant Defendants' Motion for an extension of all deadlines and allow Defendants' counsel to incur expenses on behalf of at least one individual Defendant, Pilgeram, as counsel do not have the authority to represent him. Granting Defendants' extension when Defendants' counsel is not forthcoming0 on this issue is an even greater disruption to the judicial process. Under Texas Rules of Procedure, there is a specific rule that permits an opposing side to challenge a lawyer's authority to represent a party. Plaintiff is unaware of such a federal rule. However, the Federal Rules require that a lawyer disclose such information to the Court. Federal Rule of Civil Procedure 25(a)(1) requires that the death of a party be formally disclosed to the Court through a "statement noting the death." This would then trigger the 90-day deadline for substituting a proper party. Such a notice would confirm the death of the party and provide information on the correct party to be named in the deceased person's place. While Rule 25 outlines the mechanism, failing

to disclose a party's death is generally considered a violation of counsel's duty of candor to the court and can result in sanctions or disruptions to the litigation process. As a matter of law and ethics, a lawyer's actual authority to represent a client generally terminates upon the client's death. This principle is well-established in the Restatement (Third) of the Law Governing Lawyers §31, cmt.e (2000), which provides that unless the representation is meant to survive death or the lawyer is authorized to act for the estate, the death ends the lawyer-client relationship.

In this case, upon information and belief, Defendants' counsel knowingly began representing Mr. Pilgeram after he died. That means Defendants' counsel never had any authority to represent him in the first place. Even worse, Defendants' counsel has never disclosed this fact to anyone. If true, Defendants' counsel cannot enter into a settlement with Plaintiff on behalf of a dead person. They also cannot go to trial on behalf of a dead person. They can only continue to seek delay and bluff the Court that they have the authority to represent Mr. Pilgeram. In fact, their next move will be to file another motion to dismiss on behalf of a dead person and hope by some miracle the Court grants it and they can hide their misdeed.

Plaintiff therefore opposes Defendants' counsel's request to extend all deadlines because they do not have the authority to even ask the Court to extend all deadlines on behalf of all Defendants if in fact Dale Pilgeram ("Pilgeram") is dead. If Mr. Pilgeram died before Defendants' counsel was ever engaged for this case then every filing on his behalf was unethical and warrants an immediate investigation. Surely Defendants' counsel can produce his engagement agreement and communications with Mr. Pilgeram to the Court in camera and certify Mr. Pilgeram is alive. At least file an affidavit from Mr. Pilgeram acknowledging what Mark Twain asserted over 100 years ago: "**The reports of my death are greatly exaggerated.**"

To the extent that Plaintiff's information is incorrect, then Plaintiff offers his apology to Mr. Pilgeram and withdraws his opposition to Defendants' Motion. If on the other hand the information is correct, then Plaintiff request limited discovery to confirm the facts as to Defendants' counsel's lack of authority to represent yet another party to litigation in Texas.

## PRAYER

WHEREFORE, Plaintiff prays the Court deny Defendants, Ringo Lanzetti, Richard Metler, Riley Uglum, Dale Pilgeram, Stephen Zupanc and Edwin A. Mead requests that the Court extend all deadlines as well as the trial deadline until Defendants' counsel establishes the fact that Dale Pilgeram is alive and authorized Defendants' counsel to even make such a request to the Court.

Respectfully submitted,

/s/ *Lloyd E. Kelley*
LLOYD E. KELLEY
State Bar No. 11203180
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
Telephone: 281-492-7766
kelley@lloydekelley.com

**CERTIFICATE OF SERVICE**

I certify that on this 20th day of April 2026 my office served a true and correct copy of the foregoing instrument in accordance with the Federal Rules of Civil Procedure via the CM/ECF Filing System, which automatically served it through the electronic filing to all counsel of record.

By: */s/ Lloyd E. Kelley*