**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **LLOYD KELLEY,**<br>***Plaintiff,***<br><br>**v.**<br><br>**RINGO LANZETTI, RICHARD METLER, RILEY UGLUM, DALE PILGERAM, STEOHEN ZUPANC, and EDWIN A. MEAD**<br>***Defendants.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CIVIL ACTION NO. 4:22-cv-2168** |

**DEFENDANTS' COMBINED EXPEDITED REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND DISCOVERY AND RESPONSE TO THE COURT'S APRIL 7, 2026 ORDER [Dkt. Nos. 52 and 55]**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW counsel, Rodney Drinnon ("Drinnon"), and Defendants, Ringo Lanzetti ("Lanzetti"), Richard Metler ("Metler"), Riley Uglum ("Uglum"), Dale Pilgeram ("Pilgeram"), Stephen Zupanc ("Zupanc") and Edwin A. Mead ("Mead") (collectively, "Defendants" and/or "Steadfast Lenders"), and file this Combined Expedited Reply to Plaintiff's Response in Opposition to Defendants' Motion to Extend Discovery and Response to the Court's April 7, 2026 Order [Dkt. Nos. 52 and 55], and respectfully show the Court as follows:

## I. SUMMARY OF RESPONSE

1. Defendants previously moved for an extension of the discovery deadline primarily because this Court had yet to rule on their August 8, 2025 Motion to Dismiss for Failure to State a Claim ("Motion to Dismiss") [Dkt. No. 47]. Defendants were concerned that the parties would engage in lengthy and expensive discovery to defeat Plaintiff's various claims only to have them summarily dismissed once the Court reviewed their Motion to Dismiss. Following this Court's

denial of Defendants' Motion to Dismiss two hundred and thirty-three (233) days later [Dkt. No. 51], Defendants immediately moved to extend the relevant discovery deadlines to allow for reasonable, cost-effective discovery [Dkt. No. 52].

2. Rather than address the merits of Defendants' Motion for Extension of Time to Conduct Discovery [Dkt. No. 52], Plaintiff questioned whether Defendants' counsel had the authority to represent one of the defendants, Dale Pilgeram ("Pilgeram") who unbeknownst to Defendants' counsel had passed away during the time that he was represented by former counsel, Chris Ramey. This is a common tactic used by Plaintiff who apparently also failed to notify the Court or Pilgeram's counsel despite apparently learning months ago that he had passed as he continues to be involved in the pending state court proceeding [Dkt. No. 54]. Nevertheless, since learning of Pilgeram's death, Defendants' counsel has confirmed his representation of Pilgeram's estate in this matter through his daughter, Tasha Jahn, via communications with the Steadfast Lenders' designated representative, Marc Sherrin. Defendants' counsel's prior lack of knowledge of Pilgeram's passing was not intentional, but a byproduct of the former representation of lead counsel, Chris Ramey, and the desire to keep attorney's fees low.

## II. ARGUMENTS & AUTHORITES

### A. McCathern Houston Was Not Initially Lead Counsel In This Matter

3. This case was initially filed on June 30, 2022 [Dkt. No. 1]. Chris Ramey was designated as lead counsel for the Defendants. He filed the initial Motion to Dismiss on behalf of the Defendants on December 23, 2022 [Dkt. No. 8]. Chris Ramey also filed a Motion for Summary Judgment on behalf of the Defendants on April 18, 2023 [Dkt. No. 21]. Plaintiff filed a Motion to Disqualify Chris Ramey on May 10, 2023. [Dkt. No. 25].

4. It was at this point that McCathern Houston made a limited appearance on the Defendants' behalf as *co*-counsel, with Chris Ramey remaining lead counsel and handling the majority of client contact. This Court then consolidated this matter and dismissed Plaintiff's Motion to Disqualify Chris Ramey on September 26, 2023 [Dkt. No. 38].

5. Shortly thereafter, and without McCathern Houston's knowledge or consent, Chris Ramey filed a Motion to Substitute Attorney Rodney Drinnon [McCathern Houston] [Dkt. No. 41]. Before McCathern Houston could object, this Court granted Motion to Substitute [Dkt. No. 42]. Chris Ramey has always been the direct point of contact with the clients and never told McCathern Houston that Pilgeram had passed. Then the case went dormant for the first time.

6. Meanwhile, McCathern Houston, through Drinnon, remained in contact with Defendants' chosen representative, Marc Sherrin, who also did not inform Drinnon or McCathern Houston of Pilgeram's passing.

7. The case was thereafter revived on June 2, 2025, when the Court partially granted the Motion to Dismiss and Ordered Plaintiff to refile [Dkt. No. 44]. Plaintiff filed an Amended Complaint and Defendants filed another Motion to Dismiss for Failure to State a Claim on August 4, 2025 – with the reasonable understanding that Pilgeram was alive [Dkt. No. 47].

**B. McCathern Houston Had Difficulty Contacting Pilgeram**

8. However, before McCathern Houston filed the Motion to Dismiss on August 4, 2025, Drinnon wrote to Pilgeram informing him of his planned course of action and sought his permission to withdraw as his lawyer.[1] What Drinnon did not know is that Pilgeram did not respond because he had died. True to his word, McCathern Houston filed the Motion to Dismiss to preserve Pilgeram's rights, before moving to withdraw. Then the case went dormant again, while

[1] *See* **Exhibit A**, May 14, 2025 letter from McCathern Houston to Dale Pilgerim.

awaiting this Court's decision on the Motion to Dismiss that came two hundred and thirty-three (233) days later [Dkt. No. 47].

**C. McCathern Has Confirmed Its Representation**

9. Since learning of Pilgeram's death, Defendants' counsel has confirmed its representation of Pilgeram's estate in this matter through his daughter, Tasha Jahn, via communications with the Steadfast Lenders' former designated representative, Marc Sherrin. Jahn has confirmed McCathern Houston's authority and continued representation of Pilgeram's Estate. Due to the expedited nature of this response and reply, McCathern Houston was unable to obtain her written authorization, but can supplement if the Court deems it necessary.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants, Ringo Lanzetti, Richard Metler, Riley Uglum, Dale Pilgeram, Stephen Zupanc and Edwin A. Mead respectfully request that the Court grant their Motion to Extend Discovery and for any other relief deemed necessary.

Respectfully submitted,

**MCCATHERN HOUSTON**

By: */s/ Rodney L. Drinnon*
**Rodney L. Drinnon**
Texas Bar No. 24047841
Southern District No. 6059446
rdrinnon@mccathernlaw.com
**David L. Clark**
Texas Bar No. 24036367
Southern District No. 613938
dclark@mccathernlaw.com
**Danielle Chester**
Texas Bar No. 24101615
Southern District No. 3015382
dchester@mccathernlaw.com
Houfilings@mccathernlaw.com
2000 West Loop South, Suite 1850
Houston, Texas 77027

Tel. (832) 533-8689
Fax (832) 213-4842
**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, a true, correct, and complete copy of the above and foregoing instrument, was served in accordance with the Federal Rules of Civil Procedure, on all counsel of record.

/s/*Rodney L. Drinnon*
Rodney L. Drinnon