EXHIBIT

A

**From:** Rodney Drinnon
**To:** Lloyd Kelley
**Cc:** David Clark; Danielle Chester; David Clark; Simone Nunez
**Subject:** RE: 4:22-cv-02168; Kelley v Lanzetti
**Date:** Sunday, September 21, 2025 3:51:11 PM

---

Dear Lloyd:

For some reason, you continue to conflate Mr. Ramey and myself. We work in two distinct different firms and don't represent all the same clients. I know that you would like to think we do, but that is not the case. So, whatever you sent to Mr. Ramey, you didn't send to me.

If you are talking about the pending Motion to Dismiss, your latest email has nothing to do with our filing. I have never avoided a conversation with you mainly because you are afraid to talk to me on the phone. I don't think I have ever been able to reach you on the first *through fifth* calls to your office and you don't have a physical office so I can't go talk to you.

I really don't care if you have questioned me about my representation of my clients since you don't represent them. Apparently, the Court knows that this is a red herring and consistently ignores your various sanction motions *for a reason.* No one believes a thing you say anymore Lloyd. It is a shame because you used to have talent. In fact, you're suing my clients for a violation of the Wiretap Act that you know is frivolous. But, in my experience of dealing with you for a decade, you have never found the truth to be a barrier to any of your filings.

We had conflict with the Steadfast. The individuals are not Steadfast – but you know that – or you should know that.

Frankly, I would never seek to probe your "deep suspicion" on any topic. But I will relay your offer as I indicated. And I am aware it is to each individual.

I am not trying to bait you into anything. I don't particularly like dealing with your brand of "litigation," but I am certainly not afraid of it. I have just never seen you file an action and then offer to settle it in a walkaway before summary judgment which leads me to believe you are afraid of an adverse result. You should be.

I'm telling you Lloyd, I don't have a vendetta against you, but you must put forth that narrative because Randy Sorrells and I are apparently one of the few lawyers who will call you on your BS. I'm sure you say the same thing about Wayne Dolcefino. It is the same strategy certain politicians are currently using to fool the masses. It is apparently not working with the judiciary. Frankly, you are the last person on this planet I want to think about, but apparently, I am living rent free in your head.

You already put your offer in writing; you remember that correct?

I'll get you an answer.

And good to see you working on a Sunday like an “hourly” lawyer as you described me.

Regards,

Rod Drinnon

**Rodney Drinnon**
Managing Partner
McCathern
2000 West Loop South, Suite 1850
Houston, TX 77027

P 832.533.8689 | F 832.213.4842
rdrinnon@mccathernlaw.com
www.mccathernlaw.com

*This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify McCathern immediately by telephone 832-533-8689 and destroy the original message. Messages sent to and from us may be monitored.*

*Please consider the environment before printing this email.*

---

**From:** Lloyd Kelley <kelley@lloydekelley.com>
**Sent:** Sunday, September 21, 2025 2:45 PM
**To:** Rodney Drinnon <rdrinnon@mccathernlaw.com>
**Cc:** kimberly@lloydekelley.com; David Clark <dclark@mccathernlaw.com>; Danielle Chester <dchester@mccathernlaw.com>
**Subject:** Re: 4:22-cv-02168; Kelley v Lanzetti

**EXTERNAL EMAIL CAUTION!**
**This email originated from outside of the organization.**

Mr. Drinnon,
You are mistaken. I made this same offer in the letter sent to each of them via your colleague and client Mr. Ramey before the lawsuit was even filed. The transcript you quoted from before Judge Rosenthal establishes that I was only seek this same relief. My offer was never even responded to by your or Mr. Ramey.

You quoted from the transcript but never made an attempt to even discuss it with me and avoided even a conversation with me in regards to the Rule 16 conference. During the status conference with the Court, I repeated the same conditions. In fact, in your motion to dismiss you made it a point that I was not seeking damages.

I have repeatedly questioned you representing these individuals given that you represent Mr. Ramey personally and he is actively suing each of them and you yourself and your firm have initiated arbitration against the company they created and are individual shareholders. I brought this issue up to the Court and have repeatedly noted my voicing this conflict you have in truly representing their interest. Your response to the Court was that you have an issue with Marc Sherrin and Adam Hruby and not with these individuals.

And yet you and your firm sought to withdraw from representing these very individuals last August 2024 on the basis of a conflict in the 2016-64847 case before Judge Miller.

Thus, it is my deepest suspicion that you have never communicated my offer to dismiss the case if they simply agree not to use, possess or distribute and of the so called "Wyatt Tapes" or other tapes of me in conversation with my clients and to return any such tapes if they have possession of them and to agree not to disparage me in the future.

As I told you before, this offer is open to each individually and does not require a unanimous acceptance.

I want to note that your are again trying to "bait" me into withdrawing the offer and trying to induce me into some reason to fight you personally by your statement, "It's not like you to throw in the towel so early after making so many unfounded threats and accusations. When you were younger you would at least get to summary judgment."

Again, would appear to be serving your own interest and Mr. Ramey's your client rather than their interest.

Are you being paid by these clients and representing their interest or are you simply engaging in your own vendetta against me?

This is the reason I am putting my offer in writing so you will not be able to deny it later.

I will be waiting for a response in the near future and if none is forthcoming I will take it as another rejection and you somehow convinced your clients the case is somehow worth fighting.

Lloyd E. Kelley
The Kelley Law Firm
2726 Bissonnet Ste 240 PMB 12
Houston, Texas 77005
P: 281-492-7766
F: 281-652-5973

Kelley@lloydekelley.com

On Sep 21, 2025, at 7:44 AM, Rodney Drinnon <rdrinnon@mccathernlaw.com> wrote:

Lloyd:

While you have never made this offer to me, I will relay it on to my clients.

It's not like you to throw in the towel so early after making so many unfounded threats and accusations. When you were younger you would at least get to summary judgment.

Regards,

Rod Drinnon

**Rodney Drinnon**
Managing Partner
McCathern
2000 West Loop South, Suite 1850
Houston, TX 77027

P 832.533.8689 | F 832.213.4842
rdrinnon@mccathernlaw.com
www.mccathernlaw.com

*This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender that is protected by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510 and 2521 and may be legally privileged. This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this communication in error, please notify McCathern immediately by telephone 832-533-8689 and destroy the original message. Messages sent to and from us may be monitored.*

*Please consider the environment before printing this email.*

---

**From:** kelley@lloydekelley.com <kelley@lloydekelley.com>
**Sent:** Saturday, September 20, 2025 9:46 AM
**To:** Rodney Drinnon <rdrinnon@mccathernlaw.com>
**Cc:** kimberly@lloydekelley.com
**Subject:** 4:22-cv-02168; Kelley v Lanzetti

**EXTERNAL EMAIL CAUTION!**
**This email originated from outside of the organization.**

Re: 4*:22-cv-02168;* Offer of Settlement to
RINGO LANZETTI
RICHARD METLER
RILEY UGLUM
DALE PILGERAM
STEPHEN ZUPANC
EDWIN A. MEAD

Dear Mr. Drinnon:
At the last status conference and in the previous status conferences, I have repeatedly made the offer that I am willing to settlement with your clients if they would simply agree not to use, possess or distribute and of the so called "Wyatt Tapes" or other tapes of me in conversation with my clients and to return any such tapes if they have possession of them and to agree not to disparage me in the future. As I told you before, this offer is open to each individually and does not require a unanimous acceptance.

I want repeat this offer in writing as some of your clients may not be interested in your personal vendetta and may want an end to this matter.

Please let me know if any of your clients want to accept this offer.

Respectfully,

Lloyd E. Kelley
**THE KELLEY LAW FIRM**
2726 Bissonnet, Ste 240 PMB 12
Houston, TX 77005
Ph: 281-492-7766
Fax: 281-652-5973
kelley@lloydekelley.com

Confidentiality Notice:
This electronic transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. This information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone to arrange for the destruction and/or return of the documents.